# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GERRI G. CLARK, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-13-186-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Gerri G. Clark (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 22, 1968 and was 43 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a hair dresser, housekeeper in a hotel, and school janitor. Claimant alleges an inability to work beginning August 15, 2009 due to limitations resulting from right shoulder and elbow problems and arthritis.

**Procedural History**

On May 4, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 29, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") J. Dell Gordon in Oklahoma City, Oklahoma. By decision dated November 23, 2011, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on February 21, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a wide range of sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper determination at steps four and five; and (2) failing to perform a proper credibility determination.

4

**Step Four and Step Five Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of osteoarthritis and obesity. (Tr. 119). The ALJ determined Claimant retained the RFC to perform a wide range of sedentary work. The ALJ restricted Claimant to occasional kneeling, crouching, crawling, and stooping. He also found Claimant could never climb ropes, ladders, or scaffolds. Claimant was noted to have left knee and right elbow impairments due to osteoarthritis and related conditions. (Tr. 121).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of table worker, waxer and film touch up inspector which the expert testified existed in sufficient numbers nationally and regionally. (Tr. 124). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 124-25).

Claimant contends the ALJ formulated a faulty hypothetical to the vocational expert which did not reflect all of her impairments. Specifically, Claimant asserts the ALJ failed to account for her osteoarthritis in her right elbow and how that condition might impact her RFC. She also contends she had a right shoulder rotator cuff repair in the past and suffered pain and range of motion limitations. Claimant further states that limitations from her depression, which the ALJ found to be non-severe, should have been

5

included in the hypothetical questioning of the vocational expert.

Initially, this Court would note that all of Claimant's arguments are directed toward the ALJ's actions at step five. No error has been alleged in the arguments presented by Claimant at step four as Claimant states in her allegations of error.

On August 11, 2010, Dr. Katherine Sheirman completed a Physical Residual Functional Capacity Assessment form on Claimant. She found Claimant to have the limited ability to reach in all directions including overhead. (Tr. 441). Dr. Sheirman acknowledged decreased range of motion in Claimant's shoulder due to pain. (Tr. 440). The ALJ's hypothetical questioning of the vocational expert did not account for this limitation. (Tr. 150-51). The re-evaluation by Dr. Janet Rodgers on January 3, 2011 did not alter the limitation found by Dr. Sheirman. The remainder of the conditions set forth by Claimant present no medically supportable limitations which the ALJ should have accounted for in the hypothetical questioning at step five.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the

6

mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The medical record does not support any functional limitation arising from either the osteoarthritis in her right elbow or her depression and attendant conditions. On remand, the ALJ shall consider the effects of the shoulder limitation on reaching upon Claimant's RFC and the hypothetical questioning of the vocational expert.

**Credibility Determination**

Claimant alleges a litany of alleged misinterpretations and errors in the ALJ's credibility analysis. The ALJ discussed Claimant's testimony and the medical record extensively in his decision, discounting Claimant's credibility in light of the objective evidence. (Tr. 119-23).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor

recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's findings on Claimant's credibility are sufficiently and affirmatively linked to the medical record to satisfy his obligation under the regulations. No error is attributable to this analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE